KELIHER v. MITCHELL, U. S. Marshal.

(District Court, D. Massachusetts.  June 12, 1916.)

· No. 1343.

PRISONS ☞13—TRANSFER OF FEDERAL CONVICTS—POWERS OF ATTORNEY GENERAL.

    Under Rev. St. § 5546, as amended (Comp. St. 1916, § 10547), which authorizes the Attorney General, "where at the time of conviction or at any time during the term of imprisonment there may be no penitentiary or jail suitable for the confinement of convicts or available therefor" in the district or territory, to designate "some suitable jail or penitentiary in a convenient state or territory" in which a federal convict shall be confined, or to which he shall be transferred, the power to transfer is limited to cases where the Attorney General finds that there is no suitable or available prison in the district. Such limitation is not technical, but substantial, and an order made without such a finding, transferring a prisoner from a prison near which his family resides to one without the district and at a great distance, as from Massachusetts to Leavenworth, is unauthorized and invalid.

Petition for habeas corpus by William J. Keliher against John J. Mitchell, United States Marshal.  Writ granted.

Harvey H. Pratt, of Boston, Mass., for petitioner.

MORTON, District Judge.  This is a habeas corpus proceeding, brought by Keliher, who is a convict, to test the legality of an order made by the Attorney General directing his removal from the state prison at Charlestown, Mass., to the federal penitentiary at Leavenworth, Kan.  The hearing was upon the petition, a "stipulation" or. agreed statement of facts, and certain official correspondence introduced by the respondent; the United States Attorney orally suggesting that, upon the facts thus appearing, the writ ought not to issue. As to the practice, see Horn v. Mitchell, 232 Fed. 819, 147 C. C. A. 13 (C. C. A. 1st Cir., April 27, 1916).

The material facts are as follows: Keliher was convicted, under section 5209 of the Revised Statutes (Comp. St. 1916, § 9772), of aiding and abetting one Coleman in misapplying funds of the National City Bank of Cambridge, and he was sentenced to imprisonment in the state prison at Charlestown, Mass., for 18 years.  This sentence was imposed on December 20, 1910, execution of it was stayed by writ of error, the judgment was affirmed by the Circuit Court of Appeals, and execution of the sentence was ordered on March 15, 1912, since which time Keliher has been confined at the state prison on a mittimus duly issued by this court.  The legality of his sentence is not questioned by either party.

Under date of August 18, 1915, the Attorney General of the United States directed the United States Marshal for this district to transfer Keliher, with certain other federal prisoners confined at the same place, to the United States penitentiary at Leavenworth, Kan. ' The reason for making this order was that the prison commissioners for Massachusetts increased the sustenance charge for federal prisoners at the

Charlestown prison from $2.50 per week, which was the rate at the time when the sentence was begun, to $4.50 per week. The Attorney General thought the new rate too high, and for that reason, and that alone, ordered the transfer. It should perhaps be noted that the first order was for the transfer of Keliher to the federal penitentiary at Atlanta, Ga.; but that order, dated July 21, 1915, was rescinded, and the one now before the court was substituted therefor, and the petition was amended accordingly. The petitioner is held for removal to the Leavenworth prison under this order, and the question is whether it is valid.

While the order itself refers to no particular statute, it is said by the respondent to have been made under Revised Statutes, § 5546, as amended (Comp. St. 1916, § 10547), in connection with the Act of March 3, 1891, c. 529, 26 Stat. 539 (Comp. St. 1916, §§ 10552–10560), and that of 1895 relating to the federal prison at Leavenworth (3 U. S. Compiled Stats. pp. 3725, 3728). No other statutes authorizing the order have been called to my attention. The. part of section 5546 here in question reads as follows:

"All persons who have been, or who may hereafter be, convicted of crime by any court of the United States, whose punishment is imprisonment, in a district, or territory," or country "where at the time of conviction, or at any time during the term of imprisonment, there may be no penitentiary or jail suitable for the confinement of convicts, or available therefor, shall be confined during the term for which they have been or may be sentenced, or during the residue of said term, in some suitable jail or penitentiary in a convenient state or territory, to be designated by the Attorney General," etc.

Act March 2, 1895, c. 189, 28 Stat. 957 (Comp. St. 1916, § 10561), authorized the transfer of federal prisoners to Leavenworth prison. So that in cases coming within section 5546 the Attorney General now has the authority in proper cases to designate, either a penitentiary "in a convenient state or territory," or the federal penitentiary at Leavenworth. There can be no doubt as to the power of Congress to authorize an executive department of the Government to transfer prisoners from one prison to another within reasonable limits. The validity of the statute under consideration was assumed in Ex parte Karstendick, 93 U. S. 396, 401, 23 L. Ed. 889, and seems never to have been questioned. A similar power has long been exercised by the state authorities in Massachusetts. See Murphy v. Commonwealth, 172 Mass. 264, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266. The right to transfer is not affected by the fact that the discipline may be somewhat stricter and life more disagreeable at one prison than another. Murphy v Commonwealth, supra, 172 Mass. at page 269, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266, collecting authorities.

The question then is whether the facts bring the present case within the statute. It seems clear that the Attorney General has the right to determine whether the price charged for sustenance of federal prisoners at any given prison is so high as to make that prison unavailable for them. His decision that the state prison at Charlestown is no longer available is conclusive on that point. The question whether there was any other suitable and available prison within the district

appears not to have been considered or passed upon in making the present order.

The authority to transfer under this statute is explicitly limited to cases where "at any time during the term of imprisonment there may be no penitentiary or jail suitable for the confinement of convicts or available therefor" in the district in question. This restriction seems not to have arisen from mistaken language or inaccuracy of expression. It was in the statute when first passed many years ago, and has been consistently retained through all the subsequent amendments. It is expressly repeated in that part of the section which provides for the expense of transportation, and in that connection has been given its literal meaning by the Supreme Court. U. S. v. McMahon, 164 U. S. 81 at 86, 17 Sup. Ct. 28, 41 L. Ed. 357. In the Karstendick Case, supra, the court which imposed sentence found "that in the state of Louisiana there was no penitentiary suitable for the confinement of persons convicted of crime against the United States." 93 U. S. 401, 23 L. Ed. 889. There is no such finding by the Attorney General in this case. The necessity for it in transfers under this statute was assumed by the court in U. S. v. McMahon, supra.

There are in this district many prisons not under the control of the prison commissioners and not affected by their order as to sustenance charges. This is clear from the statutes and official documents of Massachusetts, and it is a matter of common knowledge within this district, of which this court must, I think, take judicial notice, the more so as it is frequently sentencing prisoners to such institutions. I do not think that, in the absence of any finding to that effect, it ought to be assumed that none of them is suitable and available for Keliher, nor that the issuing of the order conclusively implies such a finding.

The burden is on the respondent to establish, not merely the existence of the order for transfer, but that it was lawfully made. To some extent this burden has been sustained. Upon the facts shown, the state prison at Charlestown is unavailable; but it does not appear that there is no other penitentiary in the district which is available and suitable for Keliher.

There is no power to alter a sentence or to increase the severity of it after the adjournment of the term at which it was pronounced. U. S. v. Marshall, 6 Mackey (D. C.) 34, 37. While prisoners have no right to receive visits from their family, they are at present universally allowed to do so at certain intervals, both for their own good and for the sake of their family. The transfer of a prisoner, having a wife and young child, from a prison near which they reside, and at which they can visit him, to a distant place of confinement, where they may well be unable to go, with the result that they may not see him for 10 or 12 years, obviously imposes on him an additional hardship, as was said in Ex parte Medley, 134 U. S. 160, at 168 and 169, 10 Sup. Ct. 384, 33 L. Ed. 835, and additional peril. It may result in the loss of that interest in him by his family and friends which would be maintained if they saw him occasionally; and which furnishes one of his most powerful incentives to reformation and honest living

after his discharge. Courts constantly consider the nearness of the prisoner to his family in designating the place of confinement; in cases of young prisoners, it is a point of great importance.

In the Karstendick Case the Chief Justice stated that Congress, "recognizing as a rule the propriety of sentencing those convicted of crime against the United States to imprisonment in the jails or prisons of the state where their conviction was had, did, in 1864, to meet contingencies that might arise, enact" the statute which has become section 5546 here relied on. Waite, C. J., in 93 U. S. 400, 401, 23 L. Ed. 889.

Enough, I think, has been said to show that the limitation under discussion on the right of transfer is not of a merely directory or technical character, in which case it might perhaps be disregarded, but is substantial, and was intended by Congress to protect prisoners against unnecessary transfers to prisons remote from the place of sentence. The legislation in connection with the establishment of the federal prisons did not, apparently, enlarge the Attorney General's power to make transfers, but only increased the number of places to which transfers might, in authorized cases, be ordered. The further question whether there is any statutory authority to transfer to another prison within the district is not involved in the present case.

The result is that the order for transfer to the Leavenworth prison, under which the petitioner is held, appears, on the facts now before the court, to be unauthorized and invalid, and he appears to be entitled to be discharged from custody thereunder, and to be remanded to the custody of the warden of the state prison, to be held under the mittimus issued by this court.

The present hearing having been upon the petition, the order will be that the writ issue.

NOTE.—The defendant did not appeal.